**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON DARNELL GREGORY,

  Plaintiff - Appellant,

 v.

STATE OF ARIZONA; CHARLES L
RYAN, Director of ADOC; UNKNOWN
THOMPSON, named as Mr. Thompson,
Complex Warden at Eyman
Complex; UNKNOWN SHY, named as CO
III Shy, Disciplinary Proceedings at Eyman
Complex; UNKNOWN PARTY, named as
Non-Disclosed Officer, Control Room
Officer working 2-19-18 @ SMU1 pod 1-A
at Eyman Complex; UNKNOWN
SANCHEZ, Correctional Officer; MARIA
PEJI, Control Room Officer, previously
named as Unknown Control Room Officer
Laos, defendant name substituted per doc
[88]; ARIZONA DEPARTMENT OF
CORRECTIONS REHABILITATION
AND REENTRY; ROBERTO GARCIA,
Corrections Officer; GERALD
THOMPSON, Eyman Complex Warden,

  Defendants - Appellees.

No. 23-3147

D.C. No.
2:18-cv-01598-GMS

MEMORANDUM*

Appeal from the United States District Court

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted April 22, 2025[**]

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Arizona state prisoner Jason Darnell Gregory appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging failure to protect him in violation of his Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment for Officers Peji and Garcia because Gregory failed to raise a genuine dispute of material fact as to whether they knew of and disregarded a substantial risk of serious harm to Gregory. *See Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020) (explaining that "a prison official violates an inmate's Eighth Amendment right only if that official is deliberately indifferent—in other words, if the official is subjectively aware of a substantial risk of serious harm to an inmate and disregards that risk by failing to respond reasonably" (citation and internal quotation marks omitted)); *see also Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (failure to follow internal

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

prison policy does not amount to a constitutional violation).

All pending motions are denied.

**AFFIRMED.**